SM: USAO 2024R00123

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUN 1 2 2024

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

| UNITED STATES OF AMERICA | CRIMINAL NO. RDB-24-cr-166 |
|---|---|
| v. | (Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, Fed. R. Crim. P. 32.2, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| CAMERON JONES, | |
| Defendant. | |

## SUPERSEDING INDICTMENT

### COUNT ONE
(Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about January 19, 2024, in the District of Maryland, the Defendant,

**CAMERON JONES,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition—to wit, Sccy Industries, model CPX-2, 9MM pistol, loaded with ten 9MM live cartridges; and the firearm and the ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the Defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2.      Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), upon conviction of the offense alleged in Count One of this Indictment, the Defendant shall forfeit to the United States any firearms or ammunition involved in the offense, including but not limited to:

  a. a Sccy Industries, model CPX-2, 9mm pistol bearing serial number C157603; and

  b. approximately 10 rounds of 9mm ammunition.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

  a.    cannot be located upon the exercise of due diligence;

  b.    has been transferred or sold to, or deposited with, a third person;

  c.    has been placed beyond the jurisdiction of the Court;

  d.    has been substantially diminished in value; or

  e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron/SAM*

Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

06-12-24
Date

3